IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LAWRENCE LEVONE ROBERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00280 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MELVIN DAVIS**, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Lawrence LeVone Roberson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging the defendants violated his rights to be free from cruel and unusual punishment, to equal protection, and to due process. The defendants have moved to dismiss Roberson's complaint. Having reviewed the pleadings, the court will grant defendants' motion to dismiss.

I.

Roberson alleges that on November 11, 2018, after having a disagreement with another inmate in the "TV area" of their pod at River North Correctional Center, Roberson left that area and went back to his cell by himself "to avoid all foolishness" with the other inmate. Shortly thereafter, the other inmate entered Roberson's cell and the booth officer closed the cell door, "trapping" Roberson and the other inmate in there. Roberson claims the other inmate began to "physically assault[]" and threaten to kill Robertson. Believing that his life was in danger, Roberson states that he "defend[ed]" himself by biting the other inmate "to get him off of [Roberson] . . . and stop him from trying to kill him." As a result, the other inmate lost

a portion of his ear that Roberson had bitten off and suffered a fractured orbital socket and a large scratch on his cheek.

Defendant Sgt. Warring responded to the incident after the altercation had ended and when the other inmate was already in the medical unit. Sgt. Warring interviewed the other inmate and documented his injuries. Sgt. Warring determined that Roberson and the other inmate got into an altercation that resulted in the injuries the other inmate suffered. Sgt. Warring filed a disciplinary offense report against Roberson, charging him with the disciplinary offense of aggravated assault upon an offender. Roberson argues that Sgt. Warring failed to adequately investigate the incident before filing the disciplinary offense report because he failed to interview Roberson. Roberson also claims that Sgt. Warring "treated [him] differently from all other prisoner(s)" in the way he investigated and reported the incident.

Roberson alleges that defendant Lt. West violated his rights by authorizing the disciplinary infraction against Roberson without conducting an adequate investigation because he did not interview Roberson. He also claims that Lt. West treated him differently "from all other prisoner(s)" because he "normally" interviews all of the other inmates involved in an incident before authorizing a disciplinary charge.

Roberson had a disciplinary hearing on the assault charge on December 3, 2018, before defendant Institutional Hearing Officer ("IHO") Sims.[1] Roberson claims that IHO Sims was biased when he found Roberson guilty and imposed a penalty of restitution for the damages

---

[1] The court notes that, in his disciplinary hearing, Roberson presented his argument that he was defending himself against the attack by the other inmate.

he caused to the other inmate.[2] Roberson also claims that IHO Sims "treated [him] differently from all other prisoners claiming self-defense" in a disciplinary hearing.

Roberson alleges defendant Major Northup violated his rights when he "approved" the IHO's decision of guilt and imposition of restitution even though Roberson was "defend[ing] himself." Roberson also claims Major Northup "treated [him] differently from all other prisoners."

Finally, Roberson claims defendant Warden Davis violated his rights by denying Roberson's appeal of the disciplinary conviction and "treat[ing him] differently from all other prisoner(s)" because Roberson claimed self-defense.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions,

---

[2] The amount of restitution was not determined at the disciplinary hearing. On October 3, 2019, Roberson received a bill for $24,478.00 for the other inmate's medical bills.

and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Roberson claims the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. The court concludes that Roberson's allegations fail to state a

cognizable Eighth Amendment claim and, therefore, will grant defendants' motion to dismiss these claims.

To state a cognizable claim of deliberate indifference under the Eighth Amendment, an inmate must allege facts showing that the defendants were aware of a prison condition posing an objectively substantial risk of serious physical or emotional injury and that they acted with subjective, conscious disregard to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 198 (1991); *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). In this case, Roberson has not identified any objective risk to which the named defendants were subjectively indifferent. Roberson does not allege any of the named defendants were aware of the risk that Roberson was going to be involved in a fight with another inmate, aware of any serious medical need, or aware of any other prison condition that was posing an ongoing threat to Roberson's well-being. Rather, Roberson alleges that each defendant was involved in some phase of Roberson's after-the-fact institutional disciplinary charge, hearing, and appeal. Although Roberson repeatedly references the Eighth Amendment and alleges that the defendants acted with deliberate indifference toward him, his complaint fails to allege a plausible Eighth Amendment claim against the named defendants. Accordingly, the court will grant defendants' motion to dismiss the Eighth Amendment claims.

## IV.

Roberson also claims that each of the defendants violated his right to equal protection. The court concludes that Roberson's allegations fail to state a cognizable equal protection claim and, therefore will grant defendants' motion to dismiss these claims.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*; *see also Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818-19 (4th Cir. 1995). "Generally, in determining whether persons are similarly situated for equal protection purposes, a court must examine all relevant factors." *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996). The thrust of the inquiry is whether the plaintiff can "identify persons materially identical to him or her who ha[ve] received different treatment." *Kolbe v. Hogan*, 813 F.3d 160, 185 (4th Cir. 2016). To pass the similarly-situated threshold, "the 'evidence must show a high degree of similarity'"— that is, "'apples should be compared to apples.'" *Id.* (quoting *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010); *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1, 8 (1st Cir. 2001)).

Roberson has not plausibly alleged that other individuals involved in altercations with other inmates were allowed to avoid imposition of disciplinary penalties by claiming self-defense. This court has recognized that there is no general right to claim "self-defense" in the context of institutional disciplinary hearings. *Muhammad v. Virginia*, No. 7:14cv00529, 2016 U.S. Dist. LEXIS 11153, at *50, 2016 WL 1068019, at *15 (W.D. Va. Feb. 1, 2016) ("In the context of disciplinary proceedings, prisoners do not have a right to rely upon a claim of self-defense to a charge of fighting.") (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994) (finding that prisoners have no fundamental right to argue self-defense to avoid disciplinary

charge for fighting)). Roberson's generalized allegations that he was treated differently from "all other" inmates in the context of unspecified disciplinary proceedings fails to satisfy his burden of setting forth plausible, particularized facts that would support a finding of unequal treatment. *See, e.g.*, *O'Bar v. Pinion*, 953 F.2d 74, 82 (4th Cir. 1991) (reversing judgment in favor of plaintiff on an equal protection claim, reasoning that the plaintiff did not identify "any other inmate " who was treated differently under analogous circumstances, and "no other inmate is identified as being in factual circumstances close to those of" the plaintiff); *Hatcher v. Salyers*, No. 08-cv-224, 2008 U.S. Dist. LEXIS 19714, at *7-8, 2008 WL 686758, at *3 (W.D. Va. Mar. 13, 2008) ("These allegations fail to state any constitutional claim of unequal treatment, because [plaintiff] fails utterly to allege facts indicating that he and the other inmates had similar medical problems.").

In addition, Roberson has also failed to allege that any difference in treatment was a result of intentional or purposeful discrimination. In order to state an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). In this case, Roberson alleges the defendants should not have charged him, convicted him, or upheld the disciplinary conviction because he believes he was acting in self-defense. But Roberson has not plausibly alleged that any of these defendants were motivated by discriminatory animus. *See Brown v. Warner*, 2014 U.S. Dist. LEXIS 59548, at *24 (E.D. Wash. Apr. 10, 2014) ("Two isolated instances when one inmate is charged with fighting for engaging in defensive tactics while another is not, does not support an equal protection claim," for "[a] mere showing of inequality does not establish an equal protection violation," particularly where the "Plaintiff has failed to

allege facts showing he was intentionally treated differently from similarly situated inmates.") Therefore, the court concludes that Roberson has failed to allege a viable equal protection claim and the court will grant defendants' motion to dismiss the equal protections claims.[3]

## V.

Finally, to the extent Roberson is attempting to state a claim against any of these defendants based on an alleged failure to adequately investigate the circumstances of the altercation, this does not state a viable constitutional claim. *See, e.g.*, *Underwood v. Beavers*, No. 7:15cv513, 2016 U.S. Dist. LEXIS 134119, at *7 (W.D. Va. Sept. 29, 2016) (holding that an alleged failure to investigate "did not contribute in any way" to an alleged constitutional violation, and, "even assuming that prison policy required an investigation, state officers' violations of prison policies do not equate with constitutional violations, and thus are not actionable under § 1983"); *see also Lambert v. Middle River Reg'l Jail*, No. 7:20cv00001, 2020 U.S. Dist. LEXIS 70349, at n.1 (W.D. Va. Apr. 15, 2020) ("Claims that officials failed to investigate an inmate's grievances or appeals cannot be brought under § 1983.") (citing *Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has

---

[3] Moreover, to the extent West's allegation that IHO Sims was "biased" can be construed as a due process claim, it also fails. Where the due process clause is implicated, an inmate facing disciplinary charges has a right to an impartial decisionmaker. *Wolff v. McDonnell*, 418 U.S. 539, 571 (1974). However, institutional hearing officers are not held to the same standard of neutrality as judges in criminal proceedings. *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). Rather, the court must presume that the IHO performed with honesty and integrity and, thus, for the court to find him less than impartial, "there must be some substantial countervailing reason to conclude that [he was] actually biased with respect to factual issues being adjudicated." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004)); *see Wolff*, 418 U.S. at 592. West's conclusory statement that IHO Sims was biased is not sufficiently substantial or specific to overcome the presumption that IHO Sims was a fair and impartial decision maker. Accordingly, any due process claim on this basis fails.

not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546, at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue."). Accordingly, to the extent Roberson is seeking to hold defendants liable for an alleged failure to adequately investigate his altercation with the other inmate prior to pursuing disciplinary action against him or during his appeal of his disciplinary conviction, his allegations fail to state a cognizable constitutional claim and the court will grant defendants' motion to dismiss these claims.

## VI.

For the reasons stated, the court will grant defendants' motion to dismiss Roberson's complaint.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Roberson and all counsel of record.

**ENTERED** this 22nd day of December, 2020.

                                                                                                       */s/ Thomas T. Cullen*
                                                                             HON. THOMAS T. CULLEN
                                                                             UNITED STATES DISTRICT JUDGE